UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ROBERT R. TEBBENHOFF, | : CHAPTER 7 BANKRUPTCY |
| | : CASE No. 5-17-03502-JJT |
| Debtor. | : |

| | |
|---|---|
| JEANNE DONOVAN-CLEMENS, | : |
| Appellant, | : |
| v. | : 3:18-CV-1487 |
| | : (JUDGE MARIANI) |
| ROBERT R. TEBBENHOFF, | : |
| Appellee. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

This case comes before the Court on appeal from a judgment issued by Middle District of Pennsylvania Bankruptcy Court Judge John J. Thomas on July 24, 2018 in favor of the Debtor/Appellee, Robert R. Tebbenhoff. (Doc. 1-1). Appellant, Jeanne Donovan-Clemens, argues the Bankruptcy Court erred in its application of the law under Section 523(a)(4) of the Bankruptcy Code by imposing the incorrect burden on Appellant as to whether a debt was non-dischargeable. (Doc. 6 at 8). For the reasons that follow, the Court will vacate the Bankruptcy Court's judgment and remand the case to the Bankruptcy Court for entry of judgment in favor of Appellant.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In October 2006, Appellee Robert R. Tebbenhoff orally agreed to sell Appellant Jeanne Donovan-Clemens' 2002 BMW on her behalf. (Doc. 4 at 11–12). Donovan-Clemens executed the title of the vehicle as seller, leaving the space for the buyer's name blank, and gave the title to Tebbenhoff. (*Id.* at 12). Later that same month, Tebbenhoff informed Donovan-Clemens that he had sold the BMW to a third party for a price of $18,500. (*Id*). Both parties agreed that Tebbenhoff could retain $500 as compensation for his services. (*Id.* at 13, 18).

At some point after the vehicle was sold, Tebbenhoff informed Donovan-Clemens that he would deliver the $18,000 vehicle sale balance to her by January of the following year. (Doc. 3-1 at 6). Donovan-Clemens claims she did not consent to a delay in payment, and that she reached out to Tebbenhoff several times by phone between October 2006 and January 2007 regarding the return of her money. (Doc. 4 at 13). By contrast, Tebbenhoff claims that Donovan-Clemens orally agreed to let him retain the money from the sale so that he "could potentially roll another car that I had found." (*Id.* at 23–24). Tebbenhoff claims it was his intention to repay Donovan-Clemens a few months later. (*Id.* at 24). Tebbenhoff failed to pay the balance of $18,000 to Donovan-Clemens. (*Id.* at 13, 18).

Tebbenhoff filed for relief under Chapter 7 of the Bankruptcy Code on August 25, 2017. (Doc. 3-1 at 5). On November 15, 2017, Donovan-Clemens brought a complaint to

have her debt determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(4). (*Id*). On July 24, 2018, a trial was conducted by Bankruptcy Judge John J. Thomas. (Doc. 4).

Following testimony, Judge Thomas made several explicit factual findings relevant to this appeal. First, Judge Thomas found that an express oral trust was created when Tebbenhoff took Donovan-Clemens' vehicle to sell it for her for a price of $18,500. (*Id*. at 33). Second, Judge Thomas found that there was a fiduciary relationship between Donovan-Clemens and Tebbenhoff. (*Id*. at 34). Third, Judge Thomas found that there "clearly was a misuse of funds" when Tebbenhoff failed to turn over the money after the vehicle was sold. (*Id*). Finally, Judge Thomas found that there "was a breach of a fiduciary relationship when that money was used by the Debtor and the Debtor acknowledged using it when it never should have." (*Id*).

On July 24, 2018 the Bankruptcy Court entered a judgment in favor of Debtor/Appellee against Donovan-Clemens. (Doc. 3-1 at 9–10). Donovan-Clemens timely filed a notice of appeal to this Court. (Doc. 1).

### III. JURISDICTION AND STANDARD OF REVIEW

The District Court has jurisdiction to hear this appeal from a Bankruptcy Court's final order pursuant to 28 U.S.C. § 158(a)(1). The Court reviews "the Bankruptcy Court's findings of fact for clear error and exercise[s] plenary review over questions of law." *In re Hechinger Inv. Co. of Delaware, Inc.*, 489 F.3d 568, 573 (3d Cir. 2007). "A finding of fact is clearly erroneous only if it is 'completely devoid of minimum evidentiary support

displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data.'" *Havens v. Mobex Network Servs., LLC*, 820 F.3d 80, 92 (3d Cir. 2016) (quoting *Berg Chilling Sys., Inc. v. Hull Corp.*, 369 F.3d 745, 754 (3d Cir. 2004)).

## IV. ANALYSIS

Appellant Donovan-Clemens claims the Bankruptcy Court erred by misapplying the law under Section 523(a)(4) of the Bankruptcy Code and imposing the incorrect burden on her. (Doc. 6 at 8). More specifically, Donovan-Clemens argues that because the Bankruptcy Court found the existence of a fiduciary relationship between Tebbenhoff and Donovan-Clemens, and that Tebbenhoff knowingly misused her funds, the Court erred in holding Tebbenhoff's conduct did not rise to the level of defalcation under Section 523(a)(4) of the Bankruptcy Code. *Id.*

Section 523(a)(4) of the Bankruptcy Code provides that a debt may not be discharged in bankruptcy "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The Supreme Court interpreted the scope of the term "defalcation" under this Section in *Bullock v. BankChampaign, N.A.* 569 U.S. 267, 269 (2013). In *Bullock*, the Court held that "absent bad faith, moral turpitude, or other immoral conduct," defalcation under Section 523(a)(4) "requires an intentional wrong" by the fiduciary. *Id.* at 273. In this context, an intentional wrong includes "not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal

4

law often treats as the equivalent." *Id.* at 273–74. The Court summarized the defalcation analysis as follows:

> Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary "consciously disregards" (or is willfully blind to) "a substantial and unjustifiable risk" that his conduct will turn out to violate a fiduciary duty. ALI, Model Penal Code § 2.02(2)(c), p. 226 (1985). See *id.*, § 2.02 Comment 9, at 248 (explaining that the Model Penal Code's definition of "knowledge" was designed to include " 'wilful blindness' "). That risk "must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves *a gross deviation* from the standard of conduct that a law-abiding person would observe in the actor's situation." *Id.*

569 U.S. at 274. Thus, where actual knowledge of wrongdoing by the fiduciary is found, there has been defalcation and the analysis under Section 523(a)(4) ends. *Id.*

Here, based on the factual findings made by the Bankruptcy Court, the Court finds the Bankruptcy Court erred in its application of the law under Section 523(a)(4) as interpreted by *Bullock*. It is important to note that we are not disturbing the findings of fact made by the Bankruptcy Court; However, based on those findings, it is clear that Tebbenhoff committed an intentional wrong rising to the level of defalcation under Section 523(a)(4) when he knowingly misused Donovan-Clemens' funds.

The Bankruptcy Court first found that an oral express trust was created when Tebbenhoff held Donovan-Clemens' vehicle to sell it for her for a price of $18,500, forming the fiduciary relationship between Tebbenhoff and Donovan-Clemens. Next, the Bankruptcy Court found there "clearly was a misuse of funds" when Tebbenhoff failed to turn over the money after the vehicle was sold. (Doc. 4 at 34). The Bankruptcy Court

further found "there was a breach of fiduciary relationship when that money was used by the Debtor and the Debtor acknowledged using [it] when [he] never should have." (*Id*). Absent clear error, factual findings of the Bankruptcy Court must be upheld by the district court. *Hechinger Inv. Co. of Delaware, Inc.*, 489 F.3d at 573. On review of the record, we find no clear error in the Bankruptcy Court's factual findings.

Based on the foregoing factual findings, the next step in the analysis under *Bullock* is to determine whether the conduct on the part of the fiduciary constituted an intentional wrong required for Section 523(a)(4) defalcation. Here, the Bankruptcy Court made the explicit finding that Tebbenhoff "clearly" misused Donovan-Clemens' funds, and that Tebbenhoff "acknowledged using [it] when [he] never should have." (Doc. 4 at 34). By stating that Tebbenhoff "acknowledged" using Donovan-Clemens' funds when he "never should have," Judge Thomas is describing a misuse of funds committed by the fiduciary with actual knowledge of wrongdoing. (*Id*). Under *Bullock*, when actual knowledge is found, we need not address whether Tebbenhoff acted recklessly in his use of Donovan-Clemens' funds. *See In re Bocchino*, 794 F.3d 376, 382 (3d Cir. 2015) ("On account of the term's kinship with other statutory terms, including fraud, the Court reasoned that the culpable state of mind requirement was one 'involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior.' *Bullock*, 133 S.Ct. at 1757."); *See also In re Aiello*, 660 Fed.Appx. 179, 183 (3d Cir. 2016) ("Under *Bullock*, defalcation

6

encompasses 'conduct that the fiduciary knows is improper [and] reckless conduct of the kind that the criminal law often treats as the equivalent.' 133 S.Ct. at 1759").

Tebbenhoff argues that "the Bankruptcy Court found that there was some form of 'tacit consent' given for Appellee to use the proceeds," which supports his assertion that his conduct did not amount to gross recklessness. (Doc. 7 at 11–13). However, the exact language[1] used by the Bankruptcy Court regarding whether Donovan-Clemens gave "some tacit consent" does constitute an explicit factual finding. Rather, this statement was made by Judge Thomas during his discussion of whether Tebbenhoff acted recklessly in his use of Donovan-Clemens' funds, and the idea of "tacit consent" was presented as a hypothesis, raised speculatively in connection with the Bankruptcy Court's application of a standard, reckless disregard, which this Court has determined to be the wrong standard where, as here, the fiduciary's wrongful conduct was intentional. (Doc. 4 at 34). As previously discussed, it was unnecessary to address whether Tebbenhoff acted recklessly after making the clear factual finding that Tebbenhoff knowingly used Donovan-Clemens' funds when he "never should have." (*Id*).

Accordingly, the Bankruptcy Court erred in applying the recklessness analysis set forth in *Bullock* when determining whether the debt at issue is non-dischargeable under Section 523(a)(4). Thus, the Court finds that, based on the factual findings of the

---

[1] At trial, Judge Thomas stated "[w]hether the money sat in a trust account like it should have been or whether it was being used by the debtor with some tacit consent, I think that means to me that there is not the kind of reckless disregard for the fiduciary relationship that's necessary in order to establish a cause of action under Bullock v. Bankchampaign, Case Number 133 S. Ct. 1754." (Doc. 4 at 34).

7

Bankruptcy Court, Tebbenhoff committed an intentional wrong rising to the level of defalcation when he knowingly misused Donovan-Clemens' funds, making the debt non-dischargeable in Bankruptcy.

## V. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decision is vacated, and the case is remanded to the Bankruptcy Court for entry of judgment in favor of Appellant. A separate Order follows.

Robert D. Mariani
United States District Judge